UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHERWIN A. WILSON,
     Plaintiff,

-against-

HSBC BANK, USA, as trustee of Bcap-2008-
In1; a securitized trust; MORTGAGEIT,
INC., a corporation; MORTGAGE
ELECTRONIC REGISTRATION SYSTEM
INC., as nominee of Mortgageit, Inc.;
PRUDENTIAL RAND REALTY, INC., a
business; All persons and entities with an
interest in real property located at 4
WILLIAM ST., OSSINING, NEW YORK,
and DOES 1-100, inclusively,
     Defendants.

16-cv-8405 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

  Plaintiff Sherwin A. Wilson ("Plaintiff"), proceeding *pro se*, commenced this action on or about October 28, 2016, asserting multiple claims against Defendant HSBC Bank ("Defendant" or "HSBC") and others, for, *inter alia*, breach of contract. (ECF No. 1). On May 21, 2018, Plaintiff filed an amended complaint asserting claims under the Fair Credit Reporting Act ("FCRA). (ECF No. 49.) Presently before the Court is Defendant's Motion to Dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). For the following reasons, Defendant's motion is GRANTED.

## BACKGROUND

  On October 8, 2010, the Defendant commenced a mortgage foreclosure action in New York State Supreme Court, County of Westchester, against Plaintiff related to residential premises 4 William Street, Ossining, New York.[1] (Def. Mot. 2) The state court complaint alleged that the

---

[1] Many of the facts concerning the mortgage foreclosure action were derived from Plaintiff's original complaint and is provided for background information only.

1

Plaintiff failed to comply with the terms and conditions of the mortgage by failing to pay the required charges. (Mem. of Law in Support of Mot. to Dismiss Pl. Compl. 2, ECF No. 26.) On March 31, 2016, the state court issued a final foreclosure judgment in favor of HSBC. (Def. Mot. 2.) Plaintiff filed the instant action on October 28, 2016.

In his original complaint, Plaintiff asserted approximately fourteen claims sounding in, *inter alia*, fraudulent misrepresentation, breach of duty of good faith and fair dealing, breach of contract, for an accounting, and seeking to acquire quiet title to realty. By Opinion and Order dated March 23, 2018, this Court dismissed with prejudice all of Plaintiff's claims, including all claims asserted against Mortgageit, Inc., Mortgage Electronic Registration System, Inc., Prudential Rand Realty, Inc., and Does 1-100, except for claims arising under the FCRA as against HSBC. Plaintiff's FCRA claims against HSBC were dismissed without prejudice to replead. Thereafter, on May 21, 2018, Plaintiff filed his Amended Complaint asserting claims under the FCRA.[2] The Amended Complaint is the operative complaint.

In his Amended Complaint, Plaintiff alleges that on or about May 4, 2006, he executed a mortgage loan agreement on a single-family home located on 4 William Street, Ossaning, New York. (Am. Compl. ¶ 13(a), ECF 49.) Shortly after "escrow closed," a dispute arose concerning the terms and conditions of the agreement. (*Id.*) According to the Plaintiff, the mortgage documents contained different terms than those that were promised by the mortgage lender. (Mem. of Law in Support of Mot. to Dismiss Am. Compl. ("Def. Mot.") 3, ECF No. 56 citing Compl. ¶13(a))[3] Further, the Plaintiff alleged that at the time he signed the mortgage documents the lender made false statements regarding the loan's interest rate, monthly payments, and fees. (*Id.*) Plaintiff further

---

[2] Plaintiff's Amended Complaint is incorrectly denominated as a Second Amended Complaint.
[3] Generally, pursuant to Rule 12(b)(6), the motion court may not consider evidence or facts proffered by a plaintiff in opposing the motion. See, *Thomas v. Calero*, 824 F.Supp.2d 488, 497 (S.D.N.Y.) (internal citations omitted). The information is provided merely to help clarify *pro se* Plaintiff's claim.

alleges that the mortgage loan was misleading because the interest rate changed over time. (Compl. ¶13(b))

Interpreting the allegations in the Amended Complaint liberally, Plaintiff suggest that HSBC failed to provide "accurate and timely consumer debt information to CRAs[4] upon request." That HSBC failed to report payments made by Plaintiff presumably on his mortgage loan. As a result of HSBC's failure to provide accurate information to the CRAs, Plaintiff suffered "actual damages." Lastly, Plaintiff alleges that he notified the CRAs in writing of the misinformation and HSBC failed to correct the information. [5]

## STANDARD OF REVIEW

To withstand a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, 'to state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. While the court must accept all of the allegations in the complaint as true, the court is not "bound to accept as true legal conclusions couched as factual allegations." *Id.* A plaintiff "armed with nothing more than conclusions" does not unlock the doors to discovery. *Id.* Determining whether a complaint states a plausible claim for relief is a context-specific task for the court "that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. However, the "submissions of a *pro se* litigant must be construed liberally and interpreted 'to

---

[4] CRA is an abbreviation for credit reporting agency.
[5] Plaintiff references Exhibit H, attached to his Amended Complaint as proof that he notified the respective CRAs, presumably Experian, Equifax and TransUnion. The document, however, is letter from the Federal Trade Commission concerning his complaint of financial fraud. The Federal Trade Commission is not a CRA.

raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

**DISCUSSION**

The Defendant moves to dismiss the Amended Complaint pursuant to Rules 12(b)(6). The Defendant asserts that the Plaintiff has failed to assert plausible claims under the FCRA. Plaintiff's claim under 15 U.S.C. § 1681s-2(b) ("Section 1681s-2(b)") lack sufficient factual allegations to support the claim. (Def. Mot. 6.) Further, Plaintiff's claim under 15 U.S.C. § 1681s-2(a) ("Section 1681s-2(a)") lacks merit because the statute does not create a private cause of action (Def. Mot. 5). This Court agrees.

**I.     FCRA**

Congress enacted the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); 15 U.S.C. § 1681. As such, the FCRA "imposes several duties on those who furnish information to consumer reporting agencies." *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 150 (2d Cir. 2012). Specifically, "the FCRA places distinct obligations on three types of entities: consumer reporting agencies, users of consumer reports, and furnishers of information[6] to consumer reporting agencies." *Redhead v. Winston & Winston, P.C.*, No. 01-CV-11475, 2002 U.S. Dist. LEXIS 17780, at *8 (S.D.N.Y. Sept. 20, 2002); 15 U.S.C. §§ 1681s-2(a)(1) − (2). These duties include refraining from knowingly reporting inaccurate information and correcting any information they later discover to be inaccurate. *Longman,* 702 F.3d at 150.

---

[6] While the FCRA does not define "furnisher of information," courts in the Second Circuit have "interpreted the phrase to mean entities that transmit, to credit reporting agencies, information relating to debts owed by consumers." *Jenkins v. Capital One, N.A.*, No. 14-CV-5683, 2017 U.S. Dist. LEXIS 57512, at *13 (E.D.N.Y. Feb. 28, 2017) (citing *Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 426 n.11 (S.D.N.Y. 2010); *see also Gorman v. Experian Info. Solutions, Inc.*, No. 07-CV-1846, 2008 LEXIS 94083, at *11, n.4 (S.D.N.Y. Nov. 18, 2008) (citing 15 U.S.C. § 1681s-2) ("HSBC is a 'furnisher of information' within the meaning of the FCRA").

A.  Section 1681s-2(b)

Under the FCRA, consumers have the right to dispute information reported to a credit reporting agency ("CRA").[7] *Longman*, 702 F.3d at 150-51; 15 U.S.C. § 1681g(c)(1)(B)(iii). Section 1681s-2(b) provides a private right of action for consumers that "imposes a duty upon those who furnish information to credit reporting agencies to conduct an investigation upon notice that a consumer has disputed the accuracy or completeness of reported information." *Longman v. Wachovia Bank, N.A.*, No. 09-CV-01669, 2011 U.S. Dist. LEXIS 105450, at *10-11 (Dist. CT. Sept. 16, 2011). If a dispute is filed with the reporting agency, both the agency and the furnisher of the information have a duty to reasonably investigate and verify that the information is accurate. *Longman*, 702 F.3d at 151 (citing 15 U.S.C. § 1681s-2(b)); *Nguyen v. Ridgewood Sav. Bank*, 66 F. Supp. 3d. 299, 304 (E.D.N.Y. 2014) (same).

In order to trigger the duty to investigate, the furnisher must receive "notice pursuant to § 1681i(a)(2)." *Longman*, 2011 U.S. Dist. LEXIS 105450 at *11. Section 1681i(a)(2) requires that the CRA, upon notice of a dispute, report the dispute to the "person who furnished the information and to provide all relevant information received from the consumer disputing the information." *Id.* The furnisher's notice must be received from a CRA and not the consumer directly. *Id.*; *Markovskaya v. Am. Home. Mortg. Servicing, Inc.*, 867 F. Supp. 2d 340, 344 (E.D.N.Y. 2012) ("Where a consumer shows only that the furnisher received notice of the dispute from the consumer, but not from a credit reporting agency, no claim is stated."); *Prakash v. Homecomings Fin.*, No. 05-CV-2895, 2006 LEXIS 62911, at *3 (E.D.N.Y. Sept. 6, 2006) ("Under § 1681s-2(b) a defendant has no duty to investigate a credit dispute unless defendant received notice of the dispute from *a consumer reporting agency*."); *Kane v. Guar. Residential Lending, Inc.*, No. 04-CV-4847, at *11 (E.D.N.Y. May 16, 2005) ("The duty to investigate in Subsection (b) is triggered only after a furnisher of

---

[7] Throughout the case law "Credit Reporting Agency" and "Consumer Reporting Agency" are used interchangeably.

information receives notice from a *credit reporting agency* of a consumer's dispute). In order for a plaintiff to prevail on a claim arising under Section 1681s-2(b), the Plaintiff must establish (1) the furnisher received notice of a credit dispute from a credit reporting agency and, (2) the furnisher thereafter acted in 'willful or negligent noncompliance with the statute*." Markovskaya*, 867 F. Supp. at 344. Accordingly, in order to state a plausible claim against the Defendant for a violation of Section 1681s-2(b), Plaintiff must allege that the Defendant received notice from a CRA stating that the Plaintiff is disputing the accuracy of the reported information.

Plaintiff alleges that the Defendant failed to provide accurate and timely reporting to CRAs and that as a result of these actions his credit score was damaged.[8] (Am. Compl. at 13.) However, the Defendant's duty to investigate was never triggered. The Plaintiff states that he gave notice to all CRAs, but relies on written correspondence with the Federal Trade Commission ("FTC"). (*Id.* at 14; Exh. H.) However, the FTC is not a recognized CRA as defined by 15 U.S.C. § 1681a(f). *See Nguyen,* 66 F. Supp. 3d. at 306 ("A consumer reporting agency is an entity which, in exchange for a monetary fee, 'regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.'") (citing 15 U.S.C. § 1681a(f)). Further, this letter informed the Plaintiff that the FTC does not intervene in individual disputes but referred him to the Consumer Financial Protection Bureau ("CFPB") so that he may "possibly participate in their mediation process."[9] (Exh. H.) Further, because the CFPB is also not a CRA,[10] they had no duty to report the dispute to the Defendant. The Plaintiff asserts that "the CRA's had a duty to contact HSBC and

---

[8] The Plaintiff points to numerous credit applications that were denied, as well as two government contracts. *See* Am. Compl. at 13-4; Exh. D-G.
[9] The letter emphasized that the CFPB is required to mediate *some* (emphasis added) individual complaints through its dispute resolution process and that the service is only provided if the companies have agreed to participate in the mediation. *See* Am. Compl. Exh. H.
[10] *See Nguyen v. Ridgewood Sav. Bank*, 66 F. Supp. 3d. 299, 306 (E.D.N.Y. 2014) (finding that the FDIC Consumer Response Center is not a consumer reporting agency).

failed, after due inquiry to advise the Plaintiff in writing of the existence of the inquiry and last, the CRA failed to confirm the dispute or resolve it…" (Am. Compl. ¶ 170(b)) However, because the Plaintiff did not contact the appropriate authority, the Defendant's duty to investigate was never triggered under § 1681s-2(b). Thus, the Court finds that the Plaintiff has failed to state a claim pursuant to § 1681s-2(b). Accordingly, the Plaintiff's claim is dismissed.

B. Section 1681s-2(a)

The Plaintiff also alleges that the Defendant deliberately reported inaccurate missed payments and non-payments to credit bureaus on 49 occasions. (Am. Compl. at 13.) However, to the extent Plaintiff alleges the Defendant is liable to him for the inaccuracy of these reports, he fails to state a claim because there is no private cause of action for violations of § 1681s-2(a). *Longman*, 792 F.3d at 151; *Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 427 (S.D.N.Y. 2010) "The statute expressly provides that Section 1681s-2(a) 'shall be enforced exclusively…by the Federal agencies and officials and the state officials identified in Section 1681 of this title'" *Nguyen*, 66 F. Supp. 3d. at 304 (citing 15 U.S.C. § 1681s-2(a)); *see also Redhead,* 2002 U.S. Dist. LEXIS 17052, at *12 ("There is no private cause of action under Section 1681s-2(a), for the FCRA limits the enforcement of this subsection to government agencies and officials") (citing collected cases).[11] Accordingly, the Amended Complaint fails to state a claim and is dismissed.

C. Section 15 U.S.C § 1681e(b)

Section 1681e(b) provides, in relevant part, that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C.

---

[11] See also *Nguyen v. Ridgewood Sav. Bank*, 66 F. Supp. 3d. 299, 304 (E.D.N.Y. 2014) (dismissing a claim where the Plaintiff alleged the Defendants were liable to him for inaccurately reporting missed payments and non-payments to credit bureaus on 22 occasions).

1681e(b). In order to assert a negligence claim under Section 1681e(b), a Plaintiff must allege that the CRA provided patently incorrect or misleading information which can be expected to have an adverse effect, failed to follow reasonable procedures, and the incorrect or misinformation causally resulted in actual damages. See *Wenning v. On-Site Manager, Inc.*, No. 14 CIV. 9693, 2016 WL 3538379, at *9 (S.D.N.Y. June 22, 2016). As previously discussed, Defendant's duty to investigate was never triggered. Nor does Plaintiff allege that procedures were not reasonably followed.[12]

## CONCLUSION

For the forgoing reasons, Defendant's motion to dismiss Plaintiff's FCRA claims as against HSBC is GRANTED in its entirety.[13] Given the Court's Opinion and Order dated March 22, 2018, which dismissed all claims against Defendants Mortgageit, Inc., Mortgage Electronic Registration System, Inc., Prudential Rand Realty, Inc., and Does 1-100, with prejudice, any claims asserted in the Amended Complaint against them are similarly dismissed. The Amended Complaint is deemed dismissed in its entirety. The Clerk of the Court is respectfully directed to mail a copy of this Opinion to *pro se* Plaintiff, show proof of service on the docket, terminate the motion at ECF No. 59, and terminate the action.

Dated: March 1, 2019
      White Plains, New York

SO ORDERED:

NELSON S. ROMAN
United States District Judge

---

[12] The Court notes that Defendant HSBC is not alleged to be a CRA but is alleged to be the lender of the refinanced mortgage.
[13] The Court notes that Plaintiff failed to assert any measure of damages. In support of his claims, Plaintiff attached documents to his Amended Complaint from New York City agencies, Exhibit E, which indicate that his request for proposals to provide residential services were denied for reasons unrelated to his claims.

8